IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **WILLIE FUCHRON WORD, #27573-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:19cv609** |
| | § | **CRIMINAL ACTION NO. 4:18cr31(1)** |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Willie Fuchron Word filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On January 22, 2019, the District Court's sentence of one hundred sixty-eight months' imprisonment was entered into the docket after Movant pled guilty to conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), and conspiracy to commit to use, carry, possess firearms during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). Movant did not file a direct appeal, but filed the present § 2255 motion on August 16, 2019. Movant's sole claim is that he is entitled to relief because Counsel was

1

ineffective[1]. Movant asserts Counsel was ineffective for failing to file a notice of appeal after being instructed to do so; accordingly, an evidentiary hearing was conducted to determine whether Movant is entitled to an out-of-time appeal. For the reasons stated below, the Court concludes that Movant is entitled to no relief.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). In a § 2255 proceeding, a movant may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

---

[1] The Court notes that Movant filed motions to amend and supplement his § 2255 motion (Dkt. ##8, 9). While the Court denied those motions (Dkt. #17), it should be clarified that Movant asserted in Docket #8 that he may be entitled to relief based on the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Supreme Court held in *Davis* that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Movant was not convicted under Section 924(c), however. As noted above, Movant pled guilty to, and was convicted pursuant to 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(o), whereas the opinion in *Davis* concerned 18 U.S.C. § 924(c). Movant fails to show he is entitled to relief in this regard.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant pled guilty pursuant to a written plea agreement, but reserved for review a sentence exceeding the statutory maximum as well as claims of ineffective assistance of counsel. He does not assert he received a sentence exceeding the statutory maximum, but raises a single ineffective assistance of counsel claim.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**A.** *Tapp* **Issue and Hearing**

Movant asserts his trial counsel was ineffective for failing to file a notice of appeal after being instructed to do so. The Court ordered an evidentiary hearing to determine whether Movant is entitled to relief pursuant to *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).

A *Tapp* issue concerns whether Movant was denied an appeal due to ineffective assistance of counsel. In *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993), the Fifth Circuit was confronted with the issue of whether counsel's actions caused Gipson to lose his right to appeal. The Court held that prejudice occurs where a defendant relies upon his attorney's unprofessional errors, and such reliance results in the denial of a defendant's right to appeal. *Gipson*, 985 F.2d at 215 (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). If a movant can prove that ineffective assistance of counsel denied him his right to appeal, then he need not further establish that he had some chance of success on appeal. *Gipson*, 985 F.2d at 215 (citations omitted). The Supreme Court subsequently came to the same conclusion, holding that when an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would

have been able to raise meritorious issues on appeal to show that his attorney was ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000). More recently, the Fifth Circuit held that "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Tapp*, 491 F.3d at 266.

### 1. Testimony of Movant - Willie Fuchron Word

At the evidentiary hearing, Movant first complained that Counsel sent an assistant to talk to him prior to sentencing. He also testified that the Investigator was later sent to discuss the Pre-Sentence Report ("PSR") with him because Counsel was in trial. At that time, the Investigator informed Movant that his sentencing guideline range was 135 - 168 months. Movant testified that, according to the Investigator, he would receive the low end of the sentencing range because of his cooperation. Movant also complained that no objections were filed to the PSR.

Upon being sentenced, Movant conceded that he neither complained to the Court about the higher range sentence nor did he ask for an appeal at the hearing, contending Counsel had instructed him not to speak. For clarification purposes, the Court questioned Movant. In response to the Court's questioning, Movant testified that he asked Counsel to file an appeal after his sentence was announced, but while he was still in the courtroom. Movant claimed that Counsel said he would come by to talk with him about it. Movant conceded he never sent a letter to Counsel. Movant claimed that sometime shortly after sentencing, he called Counsel's office himself and left a message with a secretary, but no one called him back. Movant also testified that he asked his sister to contact Counsel about a month after sentencing. His sister allegedly told Movant that Counsel had retired.

Additionally, Movant testified that he was unaware of the time period in which he had to file an appeal. He claimed he only learned that an appeal was due within fourteen days after speaking to a fellow prisoner.

### 2. Testimony of Trial Counsel - Robert Arrambide

Counsel testified that he had been an Assistant Federal Public Defender for the Eastern District of Texas from August 2005 until July 2019. He estimated he had represented between nine hundred and twelve hundred criminal defendants during that time period. Counsel said his normal and usual practice was to note in bold block letters, "**APPEAL**," on the PSR and on the case file when a defendant informed Counsel that he wished to appeal. Such a notation prompted support staff to file the notice of appeal. Counsel said not only does he not recall Movant requesting an appeal, but more importantly, no such notation appears on Movant's case file or on the PSR; thus, this was conclusive to Counsel that Movant did not ask for an appeal. Had Movant asked to file an appeal, Counsel testified that it is a very quick and easy form, and a notice of appeal would have been filed almost immediately. Counsel testified that there is no reason he would not file a notice of appeal if one is requested.

Counsel also testified that United States District Judge Amos L. Mazzant, III, always advises each defendant of his appellate rights and that even when a waiver of appeal is part of the agreement, as in Movant's case, defendants are advised they can still appeal. No written correspondence was received from Movant concerning an appeal, and there was nothing in the case file showing that Movant called or expressed a desire to appeal.

The Court notes that in Movant's affidavit filed in support of the § 2255 motion (Dkt. #6), Movant claimed that Counsel sent a legal aid to speak to Movant following the sentencing hearing;

however, the individual allegedly said she could not speak to Movant concerning an appeal. In response to Movant's claim, Counsel testified that he cooperated with officials in Chicago, Illinois, to stop an unofficial group in the area from "poaching" clients and cases. Counsel said he was aware that this group existed and that the term, "legal aid" was in its name. Contrary to Movant's assertion, however, Counsel did not send anyone from this group to speak to him.

Also in Movant's affidavit (Dkt. #6), Movant stated that he told Counsel he wished to appeal his conviction pursuant to 18 U.S.C. § 924 ( c) based on a recent Supreme Court case. Movant said that Counsel told him the issue would need to be appealed. At the evidentiary hearing, it was noted that the case in question was *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held that the definition of a "crime of violence" in 18 U.S.C. § 924( c)(3)(B) is unconstitutionally vague. Counsel testified that Movant did not ask him to appeal at all, and if he had, it was inapplicable to Movant's case. Indeed, as noted above, *Davis* is inapplicable to Movant's case, as he was not convicted pursuant to 18 U.S.C. § 924( c).

Counsel conceded that they all hoped for the lower end of the sentencing range for Movant, but noted that he has never known the Investigator to promise a particular sentence to a defendant. Counsel testified that he reviewed Movant's appellate rights with him before he signed the plea agreement. He told Movant he was free to appeal if he wished although he had waived certain rights in his plea agreement and explained them to Movant. Also prior to sentencing, Counsel explained to Movant that an appeal may prevent him from receiving a Rule 35 motion[2] from the Government. Counsel specifically recalled that, after Movant was sentenced, but before the Marshal took him

---

[2] In its discretion, the Government may file a motion pursuant to Fed. R. Crim. P. 35(b) asking that the Court reduce a defendant's sentence. This motion is typically based on a defendant's substantial assistance and cooperation.

7

from the courtroom, Movant was upset because his sentence was at the higher range of the sentencing guideline range. Counsel did not recall Movant asking for an appeal.

To clarify, the Court questioned Counsel, who testified that, after sitting down from being sentenced, Movant and Counsel were both surprised by the higher guideline range sentence. Counsel conceded that while he did not have 100% recollection that Movant did *not* ask for an appeal, Counsel reiterated that because he did not note on the PSR and case file that Movant wished to appeal, Movant must not have requested an appeal. Finally, Counsel testified that, in all of his years as an Assistant Federal Public Defender, he has never failed to file an appeal after being asked to do so by a defendant.

### 3. Findings and Conclusions

The testimonies from Movant and Counsel at the evidentiary hearing differ from each other as to the critical matter--whether Movant asked for an appeal. Movant testified that, immediately following his sentencing hearing, while still in the courtroom, he asked Counsel to file an appeal. He said that he assumed Counsel had filed an appeal, but conceded he did not follow up with him. He also said he asked his sister to call Counsel and that he had called Counsel himself and left a message. The Court notes that Movant's testimony was that his sister called approximately one month following Movant's sentencing hearing and was told Counsel had retired. Counsel testified, however, that he was an Assistant Federal Public Defender until July of 2019. Therefore, Movant's sister must have actually called six months, at a minimum, following the sentencing hearing to learn that Counsel had retired.

Counsel testified that he has followed the same procedure for fourteen years with hundreds of defendants. If a defendant asked to appeal, he always noted, "**APPEAL**," in bold letters on the

case file and on the PSR. No such notation was found in Movant's case file or on the PSR. Counsel recalled that Movant was upset about his sentence being at the high range of the sentencing guideline range, and testified that he would have immediately filed a notice of appeal had Movant expressed a desire to appeal. Furthermore, Counsel testified that there were no notes in the case file showing that Movant had called, and there was no written communication from Movant following the sentencing hearing.

The Court notes that Movant has the burden of proof on this matter. Movant simply fails to show by a preponderance of the evidence that he directed Counsel to file an appeal. His testimony concerning his sister's attempt to reach Counsel does not line up with facts discernible from the record. In contrast, Counsel's testimony was consistent and there is no reason the Court can find that Counsel would not have filed a notice of appeal if Movant had requested it. After reviewing the evidence in the record and evaluating the credibility of the witnesses at the *Tapp* hearing, the Court finds that Counsel was credible, and Movant fails to meet his burden in showing that Counsel was ineffective, or that he is entitled to an out-of-time appeal pursuant to *Tapp*. This issue is without merit.

### IV.  CONCLUSION

In conclusion, Movant fails to meet his burden in showing that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. He also fails to show that, but for Counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Finally, Movant fails to show by a preponderance of the evidence that he asked Counsel to file an appeal. For these reasons, Movant is not entitled to an out-of-time appeal, and the motion should be denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 24th day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE